UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BARBETT,<br><br>    Plaintiff,<br><br>        v.<br><br>LOGISTICS APPLICATION, INC.,<br><br>    Defendant. | Civil Action No.  11-1720 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Michael Barbett was employed by Defendant Logistics Application, Inc. (LAI) at a Federal Energy Regulatory Commission worksite. After being terminated in May 2010, he filed this suit asserting that such termination violated the Age Discrimination in Employment Act. In now moving to dismiss the Complaint, Defendant correctly argues that Plaintiff failed to timely file his claim with the Equal Employment Opportunity Commission. As a result, the Court will grant Defendant's Motion.

### I.   Background

According to Plaintiff's two-page Complaint, which must be presumed true for purposes of this Motion, Plaintiff is a 53-year-old man who had worked as a contractor at a FERC worksite for twenty-three years. See Compl. at 1-2. On May 17, 2010, when some confusion ensued about his whereabouts on an earlier day, Plaintiff was taken for a drug test. Id. at 1. Plaintiff stated that he would not submit to a drug test because of another appointment, which refusal led his supervisor to terminate him that same day. Id. Plaintiff alleges that he was "let go because of my age . . . so that my assistant supervisor . . . could replace me with somebody else with a lower salary." Id.

1

Plaintiff filed a charge of discrimination with the EEOC on June 22, 2011.  See Compl., Exh. 1, ECF No. 1-1 at 3 (Charge of Discrim.).  On June 29, the EEOC dismissed the charge on the ground that it was not timely filed.  See Exh. 1, ECF No. 1-1 at 1 (Dismissal).  Plaintiff then filed the current action in this Court on Sept. 23.  LAI now moves to dismiss on the ground of untimeliness.

## II.     Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor.  Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993).  The notice pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted).  Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 555.

In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." Equal Employment Opportunity Comm'n v. St. Francis Xavier Parochial School, 117 F.3d 621, 624 (D.C. Cir. 1997). As the EEOC Charge and the Dismissal were both attached to the Complaint here, the Court may properly consider them without converting this Motion to Dismiss into one for summary judgment.[1]

### III. Analysis

#### A. Failure to Timely File

Defendant argues that since Plaintiff did not file his claim with the EEOC within the time permitted under federal law, this case must be dismissed.  Under the ADEA, in order to file suit against an employer for age discrimination in a district court, a party must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC.  See Schuler v. PricewaterhouseCoopers, LLP, 514 F.3d 1365, 1367 (D.C. Cir. 2008).  The relevant statute, 29 U.S.C. § 626(d)(1)(B), states that the time limit within which to bring an EEOC charge is 300 days "after the alleged unlawful practice occurred."

Plaintiff here failed to meet this deadline.  He alleges he was terminated on May 17, 2010, and he filed his EEOC Charge on June 22, 2011.  (Although the date on the EEOC Charge is somewhat hard to read on the attached copy, see ECF No. 1-1 at 3, Plaintiff does not dispute Defendant's characterization of it as June 22.)  As the time elapsed is more than a year – and thus more than the permitted 300 days – Plaintiff's suit in this Court is barred, unless some exception applies.  See Rann, 346 F.3d 199 (affirming dismissal of ADEA suit for failing to exhaust administrative remedies).

---

[1] The D.C. Circuit has discussed, without resolving, whether such a motion for failure to exhaust is more properly brought under Rule 12(b)(6) or 12(b)(1).  See Rann v. Chao, 346 F.3d 192, 194-95 (D.C. Cir. 2003).  As it makes no difference to the outcome here, this Court, too, will "explore the matter no further." Id. at 195.

B.  Equitable Tolling and Equitable Estoppel

In opposing Defendant's Motion to Dismiss, Plaintiff states, "I did not know that I had a time limit to submit my Complaint." See Opp. (styled "Motion to Continue") at 1. He also notes that he "had a hard time dealing with [his] mom's death." Id. The Court, giving some latitude to a *pro se* Plaintiff, will address his potential invocation of the doctrines of equitable estoppel and equitable tolling. See Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F. 3d 1363, 1367 (D.C. Cir. 1998) (Title VII's time limitations for filing EEOC complaint subject to estoppel and equitable tolling).

Equitable estoppel, which "prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time," may apply to discrimination cases. See id. (emphasis deleted). In order to invoke this doctrine, Plaintiff must provide evidence that Defendant engaged in some form of "affirmative misconduct" that prevented a timely filing. Moore v. Chertoff, 424 F. Supp. 2d 145, 150 (D.D.C. 2006). In this case, however, Plaintiff has made no allegation that Defendant took any active steps to somehow prevent him from filing his EEOC Charge within the applicable 300 days.

Equitable tolling may apply where a plaintiff, "despite all due diligence[,] . . . is unable to obtain vital information bearing on the existence of his claim." Currier, 159 F.3d at 1367. The D.C. Circuit, however, has cautioned that "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988) (discussing applicability of tolling on Title VII claims). One possible basis for equitable tolling would be if Plaintiff knew of his injury, but was unaware that Defendant's misconduct had been the cause. See Chung v. Department of Justice, 333 F.3d 273, 279 (D.C. Cir. 2003). This is clearly not the case here; in

fact, Plaintiff participated in an action to obtain unemployment benefits from LAI in 2010.  See Exh. 1, ECF No. 1-1 at 4-16 (OAH Final Order).  Similarly, while the Court sympathizes with Plaintiff's distress from the death of his mother, the D.C. Circuit has held that a person's claim of mental anguish is not enough for equitable tolling to apply.  See Smith-Haynie v. District of Columbia, 155 F.3d 575, 579-80 (D.C. Cir. 1998) (explaining "high" hurdle for tolling requires proof person was *non compos mentis*).  The Court thus cannot find anything close to extraordinary circumstances that would warrant equitable tolling here.

      C.  Appointment of Counsel

Finally, the Court should note that Plaintiff filed a one-sentence Motion for Court-Appointed Counsel, stating, "I Michael Barbett would like request for a court appointed counsel because I'm out of work and I can't afford one."  See ECF No. 4.  Under Local Civil Rule 83.11(b)(3), the Court may appoint counsel in a civil case.  Such appointment "should be made taking into account" the following factors: "the nature and complexity of the action"; "the potential merit of the *pro se* party's claims"; "the demonstrated inability of the *pro se* party to retain counsel by other means"; and "the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of appointed counsel."  Id.

These factors tip against appointment here where the issue is not complex, Plaintiff's claim cannot survive the limitations defense, Plaintiff has not demonstrated his financial inability, and the Court sees little benefit from appointment.

**IV.    Conclusion**

      Because Plaintiff cannot survive this Motion, an Order will issue this day dismissing the case and entering judgment in favor of Defendant.

                                              /s/ *James E. Boasberg*
                                              JAMES E. BOASBERG
                                              United States District Judge

Date:   February 28, 2012